US Dist Court Central Dist of Illinois

STEVEN D LISLE JR #R40159
    v   Plaintiff

SUSAN PRENTINCE
    Defendant

) Case NO. _____
) Jury Trial Requested
)
) Complaint

SCANNED AT MENARD and E-mailed
10-26-18 by PS 14 pages
date initials No.

## Jurisdiction & Venue

I.

This is a Civil Action Authorized By 42 U.S.C. Section 1983 To Redress The Deprivation under color of State law of Rights Secured By The Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3) Plaintiff seeks Declaratory Relief Pursuant To 28 U.S.C. Section 2201 and 2202, Plaintiffs Claims For Injunctive Relief Are Authorized By 28 U.S.C Section 2283 & 2284 And Rule 65 of The Federal Rules of Civil Procedure The Central District Is an appropriate venue under 28 U.S.C section 1391 (b)(2) Because It Is where The Events Giving Rise To This Claim Occured.

II.

### Plaintiffs

Plaintiff, Steven D Lisle JR Is and was at all times mentioned Here In A Prisoner of the State of Illinois In The Custody of the Illinois Department of Corrections He is currently Confine In Menard In Menard Illinois

### Defendants      Position/Title

Susan Prentince - major    - Foster - orange crush    Bailey - orange crush
Does - orange crush    Does - Correctional guards    Zachary Greul - orange crush

Each defendant stated above is sued Individually And in his or her official capacity at all times mentioned in this Complaint each defendant acted under color of state law

III

### Litigation History

See Exhibit 1

IV

## Facts

### Count 1

### Eighth Amendment Excessive Force Claim

Defendants (Foster)(Bailey)(Does)(Greul) All Orange Crush Officers Forced Plaintiff To Exit His Cell In The West Cell House After plaintiff was Brought Down The Stairs In Between The Lutenet And officer Break Room Defendant (Prentince) Order Foster, Bailey, Does of The Orange Crush Unit To Beat Plaintiff "Ass" At This Time All Name Defendants Began To Punch, Kick, Slam, Choke, And Beat The Plaintiff Violently Stating They Will Kill Him If He Dont Drop His Lawsuits Against

1 of 4

All Pontiac Correctional Employees. Defendants Continued To Beat Plaintiff Untill He began To Scream And Bleed On Sertain Areas Of His Body Parts. Defendants Then Drag Plaintiff To The North Cell House Bending His Handcuffs Try To Brake Plaintiff Wrist. Defendants Then Beat Plaintiff In The North House Plaintiff Suffered From Injuries All over His Body And Head Area. This Made Prentince Greul, Bailey, Foster And Does <u>Liable</u> For Their Actions And Violent Assualt on Plaintiff Which violated Plaintiff <u>Eighth</u> Amendment of The USC Creul and unusual punishment See Exhibit 2.

## Count 2

### Failure To Intervene Claim

Defendants (Greul)(Foster)(Bailey)(Does) Off The Orange Crush Unit Intentionally Attacked Plaintiff Defendant (Prentince) Ordered The Attack On Plaintiff And Witness The Attack And Was Aware Of The Attack On Plaintiff. Instead of Prentince stoping The Attack She Incourage The Defendants To Brutlly Asualt The Plaintiff. Defendants Prentince, Bailey, Foster And Does Were All Present While The Other Correctional officers attack And Beat The Plaintiff As Well Participated In The Beaten of Plaintiff. Plaintiff Also maintains That Defendants Foster (Greul), Bailey, Prentince, Does Knew of A Substantial Risk of Harm To Plaintiff, But Did Not Take Reasonable Steps To Prevent The Harm From Occuring And Had A Realistic Opportunity To Step Forward And Prevent Each Other From Attacking The Plaintiff In The Alleged Violation of Plaintiff <u>Eighth</u> Amendment Right In Count 1 Yet Failed To Do So. This made Foster (Greul), Bailey, Prentince, (Does <u>Liable</u> For Their Failure To Intervene And Participation of The Assualt of Plaintiff See Exhibit 2

## Count 3

### Eighth Amendment Deliberate Indifference To Serious medical Needs Claim

After Being Brutaly Attack By Defendants In Count 1 of This complaint Plaintiff was Bleeding In certain Body Areas Had Pain In His Head Face Neck Wrist And Entire Body Area From Being Beat And Drag In Handcuffs By Defendants. Plaintiff Then Advised Defendants (Greul)(Prentince)(Bailey)(Foster)(Does) Orange crush members And Two (Doe) officers In The Health Care Unit Area For Medical Attention That He Needed Medical Attention For His Injuries Do To Orange Crush officers Beating Him All Defendants Denied Plaintiff Medical Attention. This made (Greul) Prentince, Bailey, Foster, Does orange crush and Doe officers <u>Liable</u>

2

For Their Action of Denial Of Plaintiff Medical Attention. This violated Plaintiffs Eighth Amendment cruel and unusual punishment Deliberate Indifference To serious medical Needs. See Exhibit 2.

### Count 4
### First Amendment Retaliation Claim

Defendants (Prentince) (Foster) (Bailey) (Greyl) (Doe) Orange crush Defendants Retaliated Against The Plaintiff, Do To The Plaintiff Filing Lawsuits Against Prentince And Foster See Lisle v. Smith No 17cv1577 And Plaintiff Filing Lawsuits Against The Orange crush Unit See Lisle v Melvin No 17cv1336 Made Prentince, Bailey, Foster, (Does) From The Orange crush unit Retaliate By Having Plaintiff Assualted As Stated In Count 1 of This complaint. This made Bailey, Prentince, Foster, Does Greyl Liable For Retaliation And violated Plaintiff First Amendment of The USC See Exhibit 2

### Count 5
### Spoliation of Evidence Claim

I.D.O.C Administrative Directive policy Establish That Any Time The Orange crush Unit Is Deployed Against A Inmate For cell Extraction That The Orange crush unit Is To Have A member Present With A video Camera Recording The Entire Cell Extraction And The Video Fotuge Is To Be Saved For 3 years Before Being Destroyed. Before Plaintiff Was Extracted From His Cell In The West Cell House Defendant (Prentince) Stated Out Loud To Defendants (Bailey) (Foster) (Greyl) (Doe) From The Orange Crush Tactical Unit To Destroy Any Camera fotuge And Do Not Use Any Camera To Extract The Plaintiff From His Cell So That They Can Beat His Ass For Filing Lawsuits And To Destroy Any Video Fotuge So That The Beaten Cant Be Recorded See Exhibit 2 This Made Prentince, Bailey, Foster, Does Greyl Liable For Knowingly Destroying video fotuge of The Orange crush Extracting The Plaintiff From His cell To The North cell House Defendants Actions Constituted Spoliation of Evidence which Deprived Plaintiff Of His constitutional Rights And Protected Each Defendant From Liability Of Destroying Evidence And Orange crush unit Actions constituted A Eighth Amendment violation of The USC. See Exhibit 2

3

## Exhaustion of Legal Remedies

**V** Plaintiff Steven Dilsle Jr used the prisoner grievance procedure available at Menard Correction Center to try to and solve the problem on 8-21-18 To The ARB Do to issue transpiring at Pontiac. The ARB resolve grievance on 10/4/18 See Exhibit 3

## Legal Claims

**VI** Plaintiff re-alleges and incorporate by reference paragraphs 1-7 Spoliation of evidence Excessive Force Retaliation Deliberate Indifference. Failure to Intervene violated Plaintiff Rights And Constituted A Eighth, First, Failure to intervene, spoliation of evidence State claim Cruel and unusual punishment Deliberate indifference to serious medical needs-retaliation of the United States constitution. The plaintiff has no plain adequate or complete remedy at law to dress the wrongs described herein Plaintiff has been and will continue to be irreparably injured by the conduct of defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## Prayer For Relief

**VII** Wherefore, Plaintiff respectfully prays that this Court enter Judgment granting Plaintiff a declaration that the acts and omissions described herein violated plaintiff's rights under the constitution and law of the United States. A preliminary and permanent injunction ordering defendants To (1) Place cameras in every cellhouse and blindspots in the cellhouse and entire institution. Compensatory damages 1,000,000$ against each defendant jointly and severally Punitive damages in the amount of 1,000,000$ against each defendant A jury trial on all issues tried by jury, Plaintiffs cost in this suit and any additional relief this Court deems Just proper and equitable. Dated 10-22-18 /s/ _____ Respectfully submitted PO Box 711 Kaskaskia Street Menard IL 62259

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged on information and belief and as to those, I believe them to be true, I certify under penalty of perjury that the foregoing is true and correct executed at menard Illinois 10-22-18 /s/ _____ R46159

Revised 9/2007

Exhibit E

1. Litigation History
2. Affidavit
3. Grievance History

# EXHIBIT 1
## Litigation History

A. Have you brought any other law suits in State or Federal Court dealing with the same facts involved in this case?  Yes ☐    NO ☑

B. Have you brought any other law suits in federal Court while incarcerated?   Yes ☑   NO ☐

C. If your answer to B is yes, how many? 13  Describe the law suit below

### Name of Case, Court and Docket Number

1. Lisle v Buttler Case No 16cv422 Basic Claim Made: Eighth amendment violation; Failure To provide medical care where plaintiff swalled a Razor on 6-17-16 Disposition: Pending

2. Lisle v Baldwin Case No 17cv1488 Basic Claim made: Eighth And Fourteenth Amendment violation Safe and Humane Conditions in Confinement, Defendants Official Capacity For Failure To Recognize Long Term Segregation Makes Serious mentally Ill Inmates Deteriorate Disposition: Pending

3. Lisle v Fike Case No 17cv1335 Basic Claim made: Eighth Amendment violation Excessive Force on 7-21-16 Conditions of Confinement, Deliberate Indifference To Serious medical Needs Disposition: Pending

4. Lisle v Ruskin Case No 17cv1530 Basic Claim made: Eighth, Fourth, Fourteenth Amendment violation: Discrimination, Excessive Force, Sexual Assault, Deliberate Indifferent To serious medical needs on 5-17-17  Disposition: Pending

5. Lisle v Prentnce Case No 17cv327 Basic claim made: Eighth Amendment violation. Failure To Protect and Deliberate Indifference in Feburary of 2016 Plaintiff was assualted by cellmate Disposition: Pending

6. Lisle v Baldwin case No 17cv1158 Basic Claim made: Eighth Amendment violation Failed To Treat And Intentionally misdiagnosed, Deliberate Indifference To Serious medical needs in Defendants Official capacity Disposition: Pending

7. Lisle v Melvin Case No 17cv1336 Basic Claim made: Eighth Fourth, Fourteenth violations: Discrimination, Excessive Force, Sexual Assault, on march / 2017 Disposition: Pending

1 of 2

- 8  Lisle v Dillion No 18cv1103 Excessive force USC 8th Amend pending
- ~~9  Lisle v Foster Case No 17-cv-0150G Basic claim made N-A Plaintiff Never Filed 1983 in this complaint Disposition: Dismissed~~
- 9.  Lisle v Hadsall Case No 17cv1354 Basic Claim Made: Eighth Amendment violation: Conditions of Confinement Excessive Heat in plaintiff Cell in June of 2016 Disposition: Pending
- 10  Lisle v Prentince Case No 17-cv1507 Basic Claim made: Fourth, Fourteenth Amendment violation: Unreasonable search and seizure, Retaliation Due process depriving plaintiff of property without procedural due process on 5-24-17 Disposition: Pending
- 11.  Lisle v Butler Case No 16cv421 Basic claim made: Eighth Amendment violation Excessive force used to take plaintiff DNA on January of 2015 Disposition: Pending
- 12  Lisle v Butler Case No 15&965 Basic Claim made: Eighth and Fourteenth Amendment violation Conditions of Confinement, Procedural due process Deliberate indifference of Serious medical needs during the year of 2014 Disposition Pending appeal - Verdict for Plaintiff
- 13.  Lisle v Mirsky Case No 16cv4812 Basic claim made: Eighth and Fourteenth Amendment Violation. Excessive Force, Deliberate Indifference to serious medical illness Failure to train in 2015 Disposition: Pending
- 14  Lisle v Goldman No 18cv1736 Deliberate indifference USC 8th Amend pending
- 15  Lisle v Davis No 18cv1187 Excessive force USC 8th Amend pending
- 16  Lisle v Renzi No 18cv1187 Deliberate Indifference USC 8th Amend pending
- 17  Lisle v Prentince No 18cv1340 Cruel and unusual punishment USC 8th amend pending
- 18  Lisle v Fox No 18cv1176 Deliberate Indifference USC 8th amend pending
- 19  Lisle v Prentince No 18cv1253 Retaliation USC 1st Amend pending
- 20  Lisle v Smith No 17cv1577 Excessive Force USC 8th Amend pending

2

STATE OF ILLINOIS )   Exhibit
                  )      A
COUNTY OF         )
~~Livingston~~
menard

# AFFIDAVIT

I   Steven Dlisle Jr R40159   do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

All facts stated in the ~~complaint~~ Complaint pages 1-4 paragraphs 1-7 are true and correct

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury that Everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this ___ day of ___ October ___ 2018

_____
                                    Affiant

Ex 3



Bruce Rauner
Governor

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Lisle, Steven                                                                 10/4/18
                                                                                         Date
ID#: R40159

Facility: Menard

This is in response to your grievance received on 8/24/18 _____. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 8/21/18      Grievance Number: _____    Griev Loc: PON

- ☐ Transfer denied by the Facility
- ☐ Dietary
- ☐ Personal Property
- ☐ Mailroom/Publications
- ☐ Assignment (job, cell)
- ☐ Commissary / Trust Fund
- ☐ Conditions (cell conditions, cleaning supplies, etc.)
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☒ Other  Staff conduct/Orange Crush

Based on a review of all available information, this office has determined your grievance to be:

- ☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ☐ Other: Staff misconduct is unsubstantiated.

FOR THE BOARD: *Patty Sneed*
                Patty Sneed
                Administrative Review Board

CONCURRED: *John R. Baldwin*  10/5/18
            John R. Baldwin
            Acting Director

CC: Warden, Menard  Correctional Center
    Lisle, Steven  , ID# R40159

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

US Dist Court Central Dist of Illinois

Lisle v Prentince ) NO. _____

## Summons

Susan Prentince  PO Box 99 Pontiac IL 61764
Luitenet Bailey    PO Box 99 Pontiac IL 61764    Zachary T Grey - PO Box 99 Pontiac IL 61764
Foster             PO Box 99 Pontiac IL 61764
Doe orange crush unit  PO Box Pontiac IL 61764
Doe officers           PO Box Pontiac IL 61764

To The above-Named Defendants You are hereby summoned and required to serve upon Plaintiffs whose address is PO Box 711 menard IL 62259 an answer to the complaint which is here with served upon you within 20 days after service of this summons upon you exclusive of the day of service or 60 days if the US government or officer/agent thereof is a defendant if you fail to do so Judgment by default will be taken against you for the relief demanded in the complaint

Clerk of the Court    Date: _____

## Plaintiffs Memorandum of Law for this Complaint

1. Responsible misdeeds Burke v Raemisch 55 F3d 592 596 Page 1-4
2. Retaliation USC 1th Amend Retaliation Bridges v Gilbert 557 F3d 541 533 (7th Cir 2009) page 1-4
3. USC 8th Amend Cruel and unusual punishment Deliberate Indifference to Serious medical needs Page 1-4
4. Administrative Directive - Calculated cell extractions 05.01.173 page 3
5. Whitley 475 US at 320 Hudson 503 US at 6-7 and Iqbal 556 US at 678 Lewis v Downey 581 F.3d 467 472 (7th cir 2009) Harper v Albert 400 F3d 1064 (7th cir 2005) Smith v Burge F Supp 3d 2016 WL 6948387 at 10 (N D Ill Nov 28 2016 Presser v Acacia mental Health clinic llc 836 F3d 770 776 7th Cir 2016 matthews v city of E. St Louis 675 F3d 703 708 7th Cir 2012 Childress v Walker 787 F3d 437 440 (7th cir 2015) Kitchen v Burge 781 F Supp 2d 721 756 ND Ill 2011 Sanville v mcaughtry 266 F3d 724 74 (7th cir 2001) Beaman v Freesmeyer 776 F3d 500 510 7th cir 2015) Iqbal 556 US 679 Geinosky v city of Chicago 675 F3d 743 749 (7th cir 2012 Cooney v casady 735 F3d 514 515 7th cir Starks v city of Waukegan 946 F Supp 2d 780 746 F. 21 205, 1255 (7th cir 1984) Forrest v Prine 620 F3d 739 744 (7th cir 2010 Hudson v mcmillian 503 US 171 12 S.ct 995 117 L Ed 2d 156 c 1992 Page 1-4
6. Spoliation of Evidence Ill. const, Art E seiz due process S.Ct ruling state law page 3
7. Alexander v UUS 721 3d 418 422 (7th cir 2013 page 1-4